UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10706-GAO

PARRISH PHILLIPS,
Petitioner,

v.

THOMAS DICKHAUT,
Respondent.

OPINION AND ORDER
March 18, 2011

O'TOOLE, D.J.

The petitioner, Parrish Phillips, was convicted in Massachusetts Superior Court of first degree murder and two counts of armed robbery on June 21, 2002. He was sentenced to life imprisonment. On April 14, 2010, he filed a petition seeking a writ of habeas corpus pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254. The respondent has moved to dismiss the petition as untimely.

AEDPA contains a one-year limitations period for state prisoners to file habeas petitions. 28 U.S.C. § 2244(d)(1). The limitations period here began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." Id. § 2244(d)(1)(A). That limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." Id. § 2244(d)(2).

The relevant dates in this case are as follows. On June 25, 2002, Phillips filed a timely notice of appeal from his convictions. On August 15, 2006, Phillip's co-defendant filed a motion for a new trial, which Phillips, on October 17, 2006, moved to adopt. On February 15, 2007, the

trial court denied his motion for a new trial and Phillips appealed. On November 24, 2008, the Massachusetts Supreme Judicial Court ("SJC") affirmed both his conviction and the denial of his motion for new trial. Phillips did not petition for certiorari from the United States Supreme Court. Accordingly, his conviction became final on February 22, 2009, ninety days after the SJC's affirming of his convictions. See Donovan v. Maine, 276 F.3d 87, 91 (1st Cir. 2002) ("[S]ection 2244(d)(1) provides for tolling during the ninety-day period in which the petitioner would have been allowed to ask the United States Supreme Court to grant certiorari to review the [state court's] denial of his direct appeal (the fact that the petitioner did not seek certiorari is immaterial).") Absent further tolling, Phillips had one year—that is, until February 22, 2010—to file his petition seeking a writ of habeas corpus. Phillips filed his petition on April 14, 2010, after the one-year period had passed. The timeliness of Phillips's petitions thus depends on whether the limitations period was "equitably" tolled for a sufficient period of time. A petitioner seeking equitable tolling generally "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); accord Holland v. Florida, --- U.S. ---, 130 S.Ct. 2549, 2560 (2010). AEDPA embodies a "strong concern for finality" and aims to "compel habeas petitions to be filed promptly after conviction and direct review." Trapp v. Spencer, 479 F.3d 53, 59 (1st Cir. 2007). "As a result, equitable tolling is the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances." Id. (internal citations and quotations omitted).

In the present case, Phillips acknowledges that his petition was filed late but suggests that the Court should not dismiss his petition for the following reasons.

First, Phillips pleads that he has no legal knowledge or skills. However, a petitioner's pro se status and lack of legal expertise do not provide grounds for equitable tolling. See Donovan, 276 F.3d at 94 ("While pro se pleadings are to be liberally construed . . . , the policy of liberal construction cannot plausibly justify a party's failure to file a habeas petition on time.") (internal citation omitted); Delaney v. Matesanz, 264 F.3d 7, 14 (1st Cir. 2001) ("In the context of habeas claims, courts have been loath to excuse late filings simply because a pro se prisoner misreads the law.").

Second, Phillips says he was not aware of the statute of limitations until twenty days before the filing deadline. However, "[i]gnorance of the law alone, even for incarcerated pro se prisoners, does not excuse an untimely filing." Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir. 2002).

Third, Phillips sought to make copies of his habeas petition three days before the deadline for filing the petition[1] but could not have those copies made in time because of inmates' limited access to the photocopiers in the prison library. The fact that an inmate has very limited access to a prison library is typically insufficient to warrant equitable tolling. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003) (no tolling granted where prisoner granted only limited access to library); Cook v. Stegall, 295 F.3d 517, 522 (6th Cir. 2002) (no tolling granted where prison copier was broken and prisoner had knowledge of filing deadline at least a few days prior to the deadline). Furthermore, a petitioner must pursue his rights diligently to be entitled to equitable tolling, see Pace, 544 U.S. at 418, yet Phillips did not begin assembling his petition materials here until the eleventh hour. He cannot be said to have pursued his rights diligently.

---

[1] Phillips states that he sought to obtain copies on March 3, 2010 and that the filing deadline was on March 6, 2010. However, February 22, 2010 was the actual deadline. His efforts to obtain copies took place after the deadline had already passed. They did not cause his untimely filing.

Fourth, Phillips asked his sister, after the filing deadline had passed, to print for him copies of habeas petition forms, but she printed for him forms that were incorrect; and, even after he received the correct forms, he needed time to complete them sufficiently because they were confusing and complicated. These events are irrelevant for equitable tolling purposes. They occurred after the filing deadline had already passed and, therefore, could not have caused untimely filing. See Holland, 130 S.Ct. at 2562 (equitable tolling available only if extraordinary circumstance prevented timely filing). In any event, these events do not amount to the "extraordinary circumstances" needed to justify equitable tolling. See Trapp, 479 F.3d at 59.

In sum, the petitioner has failed to file a timely petition, and equitable tolling does not apply here. Accordingly, the respondent's motion to dismiss (dkt. no. 6) is GRANTED.

It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
United States District Judge